# Third District Court of Appeal
## State of Florida

Opinion filed August 27, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2121
Lower Tribunal No. F13-27760A
_____

**Anthawn Regan, Jr.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Carlos J. Martinez, Public Defender, and Amy Weber, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before LINDSEY, GORDO and GOODEN, JJ.

PER CURIAM.

Appellant Anthawn Regan, Jr. appeals his conviction of three counts

armed robbery and one count of aggravated assault with a firearm. He asserts that the trial court committed fundamental error when it allowed Kenneth Presley—whose taped confession implicated him—to testify. According to Regan, the sole purpose of Presley's testimony was to impeach him with inadmissible hearsay statements.

Our thorough review of the record shows otherwise. The State expected that Presley would testify against Regan—given that Presley had entered a plea deal and provided a taped confession. Yet Presley did not do so. Rather, he claimed he did not remember if Regan participated in the robbery and that he lied to the police during his confession. This affirmatively harmful testimony surprised the State. And so, it had a right to impeach him with prior inconsistent statements. See § 90.608(1), Fla. Stat.; Morton v. State, 689 So. 2d 259, 264 (Fla. 1997) ("Generally, however, if a party knowingly calls a witness for the primary purpose of introducing a prior statement which otherwise would be inadmissible, impeachment should ordinarily be excluded. On the other hand, a party may always impeach its witness if the witness gives affirmatively harmful testimony."); Bradley v. State, 214 So. 3d 648, 655–56 (Fla. 2017) ("To determine whether a party has called a witness for the primary purpose of introducing impeachment, Florida courts consider the following: (1) whether the witness's testimony

2

affirmatively harmed the calling party, and (2) whether the impeachment of the witness was of de minimis substantive value."). As a result, the trial court did not commit fundamental error.

Affirmed.